REBECCA JANE VAN LOAN, APPELLANT, v. FARMERS' MUTUAL FIRE INSURANCE ASSOCIATION OF THE TOWN OF CATSKILL, RESPONDENT.

*Verbal agreement to issue policy of insurance — when it will be enforced after the destruction of the property before a policy has been issued.*

APPEAL from a judgment in favor of the defendant entered upon an order dismissing the complaint.

The defendant is a town mutual insurance company, all of whose directors are its agents in effecting insurance. One Brooks was such a director and agent. In the fall of 1875, plaintiff asked Brooks to come around and insure her buildings. In pursuance of that invitation Brooks came early in January, 1876, and made a survey of the buildings and premises, and agreed upon the amount to be insured on the several buildings. Plaintiff's husband paid Brooks one dollar for making the survey. The next day plaintiff sent word to Brooks that the policy must be made out in her name as the property was hers. The survey made by Brooks was taken to the secretary of the company January twelfth, and he was informed that the policy was to be made out in the name of Mrs. Van Loan, and Brooks at the same time paid the secretary one dollar for making out the policy. The survey was satisfactory to the secretary, and he made the entry of the survey upon the company's books, as in all other cases of insurance constituting a substantial record of the policy to be issued when Mrs. Van Loan's first name should be ascertained. It was known that Mrs. Van Loan owned the property and that the policy was to be issued to her. It would have been issued forthwith had her full name been known.

After the survey and before the fire occurred the plaintiff twice asked Brooks why her policy had not come, and he replied it was all right and it would probably come in due time.

On the 29th of March, 1876, the fire occurred which destroyed property included in the survey, and upon which plaintiff claims she had a contract of insurance in the amount of $900. The next morning after the fire Brooks had plaintiff execute the bond required from all persons insured in defendant's company, and was

paid by her one dollar. No other money was required to secure insurance with defendant. On these and other facts fully stated in the case the plaintiff was nonsuited, the special reason therefor not being stated.

The court at General Term said : " Eleven grounds are assigned for such motion, but it will not be necessary to consider them in detail. If, in any view of the evidence, the plaintiff was entitled to its submission to the jury and to sustain a verdict in her favor, the nonsuit was wrong. It cannot be denied that a contract for insurance by parol may be valid. Hence it is not fatal to the plaintiff that the policy had not been delivered before the fire. (*Train* v. *Holland Purchase Ins. Co.*, 62 N. Y., 598 ; *Angell* v. *Hartford Ins. Co.*, 59 id., 171.) Nor would it affect her right if no policy had ever been made out. It may be conceded thence that an executed insurance in defendant's company cannot exist without a policy. Still the defendant may be bound by its agreement to execute such a policy or to insure against loss. In this case all the elements of such a contract are proved. The plaintiff asks defendant's director and agent for insurance. He examines the property and agrees with plaintiff on the amounts to be insured upon each separate parcel. The preliminary survey is complete, except plaintiff's given name. It is handed to the secretary, and by him approved. The record is made in the books of the company, leaving a blank for plaintiff's name when fully ascertained. (*Clinton* v. *Hope Ins. Co.*, 45 N. Y., 454.)

This record is the basis of and the same in substance as the policy. It would not have been so made if the application for insurance had not been acceptable. The secretary's fee of one dollar for policy had been paid to and accepted by him. Brooks, the director and agent, had told plaintiff her insurance was all right and the policy would be along in due time. No actual premium was required to be paid by defendant. Each person insured was required, on the delivery of the policy, ordinarily to execute a bond in substance to pay all assessments made for losses incurred by the company. The application for insurance was in defendant's company. As in *Train's case* (62 N. Y., 598), it was impliedly upon the terms and conditions on which defendant insured that she expected a policy. The failure to execute her bond before the fire

is no worse than a failure to pay a premium (*Com. Mutual Marine Ins. Co.* v. *Union Mutual Ins. Co.*, 19 How. [U. S.], 318), the agent consenting thereto. It was in accordance with the custom of defendant to require the bond when the policy was delivered. Why was not here a good deal of evidence tending to show not only that Brooks had agreed to insure plaintiff and had accepted the risk, but that the defendant also had done the same. Had not the secretary approved of the application and the survey, and entered the same in his books? Would he have done this if he had not intended to accept the risk and insure the property as specified in the survey?

If these questions are answered in the affirmative, the minds of the parties did meet, the terms of insurance were agreed upon, the property insured and the amount of risk assumed. It was known by the secretary that the property belonged to plaintiff and that she was the person to be insured. There was nothing doubtful about the parties to the contract. The delivery of the undertaking by plaintiff to defendant was not essential to a valid contract. It might be waived or postponed as in this case.

The contract for insurance was not void by the statute of frauds, even though plaintiff expected a five years' policy. (*Angell* v. *Hartford Ins. Co.*, 59 N. Y., 171; *Trustees of Baptist Church* v. *Brooklyn Ins. Co.*, 19 id., 305).

*John Sanderson*, for the appellant.

*King & Hallock*, for the respondent.

Opinion by Boardman, J.

Present — Learned, P. J., Boardman and Bockes, JJ.

Judgment reversed, new trial granted, costs to abide event.